DORÉ, Judge.
In this suit,- plaintiff alleges that on July 28,' 1951 he purchased from the defendant, Rose Porter, certain described property situated in the City of Bogalusa; that the said defendant continued to live on the said property as his lessee under a month to month lease at the rate of $35 per month, beginning August 1, 1951; that defendant has failed to pay the monthly rentals due for a period of eleven months, that is, from August 1,1951; that on June 17, 1952, the defendant, by registered letter, was notified to vacate the premises for failure to pay the rental when due; that defendant has failed to pay the rental or vacate the premises; that he desires and is entitled to summary process to dispossess defendant.
Making the necessary allegations for a writ of provisional seizure, he prays that a writ of provisional seizure issue; that defendant be cited to appear and answer the petition; that defendant be cited summarily by rule to show cause on a day fixed by the court why judgment should not be rendered herein in his favor and against the defendant condemning the said defendant to vacate the premises and to deliver possession to him and decreeing, upon her failure to comply with said judgment within twenty-four hours after its rendition, that á writ of possession issue herein commanding the Sheriff of Washington Parish to eject defendant from said premises and to put him in full possession thereof.
Pie further prays for judgment in his favor and against the defendant for the full sum of $385, (eleven months at $35 per month), together with legal interest from judicial demand until paid; the maintenance of the writ of provisional seizure *25 and recognition of his lessor’s privilege on the property seized.
On June 28, 1952, an order was granted by the District Judge allowing the writ prayed for to issue.
On July 3, 1952, the District Judge granted an order against the defendant to show cause on July 7, 1952 why judgment should not be rendered against defendant as prayed for and why defendant should not be condemned to vacate the premises and why plaintiff should not be put in possession of the premises.
The petition, together with the two above orders of the District Judge was filed in the District Court on July 5, 1952.
On the same day, that is, on July 5, 1952, citation addressed to defendant Rose Porter was issued on the rule to show cause; also on the same day and date, a regular citation addressed to defendant Rose Porter was issued. No return of the Sheriff’s service of the citation of the rule appears on the back of the citation issued. There is endorsed on the reverse of the regular citation the Sheriff’s return of service being made on the defendant in person on July 5, 1952.
The Writ of Provisional Seizure issued on July 7, 1952. There is no return of the Sheriff of the writ. In fact, it does not appear that it was ever served on defendant.
On July 7, 1952, the minutes of the Court shows that, “the court ordered the rule on assignment for today stricken and reassigned for Friday (July 11, 1952) and that the defendant be notified of the assignment.”
On July 8, 1952, the following was issued by the Deputy Clerk of Court:
“Rose Porter, a resident of Washington Parish, Louisiana:
“By order of the Court of July 7, 1952, please take notice that the rule in the above matter has been re-assigned for Friday, July 11, 1952, at 10 o’clock A.M.”
The minutes of that day, July 11, 1952, shows that the rule re-assigned for that day was stricken and re-assigned for July 28, 1952.
On July 28, 1952, the date set on July 11, 1952, for the trial of the rule, defendant appeared, through counsel, and filed a prayer for oyer of the Registered Notice as alleged in plaintiff’s petition, which was immediately complied with. Defendant then filed exceptions to the petition based on the following:
“1. That the service of process in this suit is defective, null and void.
“2. That the return of the service of process in this suit is defective, null and void.”
Thereafter he filed exceptions of, (1) no right of action, and (2) of no cause of action.
He then filed a motion to dissolve the writ of provisional seizure on the ground (1) that the description of the movable property was too vague and indefinite; (2) that no notification of the writ was served on defendant, and (3) that no basis sufficient for the issuance of said writ is anywhere set up by plaintiff. In the motion, he also attacks the rule to show cause on the grounds: (1) “that no notification of the rule to show cause is shown to have been served on Rose Porter. (2) That no sufficient and proper basis for the issuance of such a rule is anywhere set forth by petitioner.”
The exceptions were heard and argued, and the District Judge held that the service was adequate for the purpose of vacating the premises but not adequate for the issuance of the writ of provisional seizure as there were no bases sufficient for the issuance of the writ.
On that day, the attorney for defendant filed a doctor’s certificate to the effect that the defendant, Rose Porter, was ill and under treatment. That she was unable to come to court. Based on this certificate, her counsel then moved for a continuance, which was objected to by plaintiff’s counsel. The Court then ordered a continuance to August 1, 1952.
On August 1, 1952, defendant’s attorney then filed his answer under protest con *26 tending that his client was ill and unable to attend court as witnessed by a new certificate of her doctor dated August 1, 1952. Her answer is in the nature of a general denial. In further answer, she avers that no lessor-lessee relationship exists or existed between plaintiff and herself; that she is and always has been the owner of the property in question; that plaintiff has never had and does not now have title to the property in question and never acquired same at any time from any source; that any purported deeds of transfer from respondent to petitioner were and are void, null, invalid, and of no effect because of lack of consent, lack of consideration, failure of consideration, non-payment, and other flaws and defects.
Upon these issues the case was tried. There was judgment in favor of plaintiff and against the defendant: Recognizing plaintiff as the owner of the property described in the petition; recognizing a lease agreement between plaintiff and defendant at $35 per month effective from October 28, 1951; recognizing the lease to exist from October 28, 1951 “at the rate of $35.00 per month until the present time” (August 1, 1952, the date of judgment) ; . ordering the defendant to vacate the premises described in plaintiff’s petition and to deliver possession thereof immediately to the plaintiff and defendant to pay all costs. Defendant has devolutively appealed.
This suit was instituted under LSA-R.S. 13:4918 et seq., and the procedure outlined therein was followed.
In this Court, defendant re-urges her exceptions filed in the lower court and overruled. It is to be noticed that in the exceptions, it is not stated in what way the process of service and the return o'f service of process were defective, null and void. We gather from her oral argument and brief that her complaint lies in the fact that there is nothing to show that the original citation of the rule was served on her, there being no return showing such service on the back of the original citation. It must be remembered that this exception was filed on her behalf, after she had appeared and filed a prayer for oyer of the registered receipt of notice or demand to vacate. It is our understanding of the law that by this first appearance, she waived any technicality which might have existed in the citation, like want of citation or want of showing service of citation. Although the procedure requires that the defendant shall file all exceptions and answer at the same time, it is our interpretation of the jurisprudence that the want of citation or defect in the service or return should be the first one and then all the others to be in the alternative, with reservations of rights under such exceptions, including the answer. However, be that as it may, the plaintiff proved, over the objection of defendant, by the Deputy Sheriff, that the defendant was personally cited and served of the rule on Friday, July 5, 1952. She complains of the trial judge overruling her objection to such testimony. We see no error committed by the trial judge. The trial judge could have directed the Deputy Sheriff to enter on the back of the citation of the rule his return nunc pro tunc. The evidence shows, besides ' the personal service of defendant, that the Deputy Sheriff explained the citation and papers to defendant and explained that the return of the rule was on Monday following, that is, July 7, 1952; that defendant was ill and he recommended that a lawyer be employed; that defendant immediately consulted a Mr. Dewell D. Pittman, a practicing attorney of the Washington Parish Bar, who testified that amongst the papers given him was a citation of the rule to show cause fixed for July 7, 1952 and that he explained to defendant agent the summary character of the proceedings. Suffice it to say that defendant has not shown any prejudicial error. She cites Code of Practice, art. 186.1(18), as the basis of her exceptions. We do not find wherein this article is applicable to the facts of this case.
Her exceptions of no right and no cause of action are based on the lack or deficiency of allegations showing a notice to vacate ten days before the end of the *27 alleged rental month and showing a relationship of lessor and lessee. Our answer to these contentions is that plaintiff has sufficiently alleged that notice to vacate was given by letter on June 17, 19'52, which was more than ten days before June 30, 1952, and plaintiff has sufficiently alleged a lease agreement on the month to month basis beginning August 1, 1951. The exceptions were correctly overruled.
On the merits, the District Court, after hearing all the testimony came to the conclusion that title to the property was in the plaintiff, Joe S. Albrought, and concluded further that the lease between the plaintiff and defendant was effective as of October 28, 1951. After a careful examination of the record, we must agree with these conclusions of fact of the lower court.
For these reasons assigned, the judgment is affirmed.